FILED

MAR 01 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 09-50007 & 09-50034 |
| Plaintiff - Appellee, | D.C. Nos. 3:08-cr-01831-LAB |
| v. | 3:03-cr-02667-NAJ |
| RAYMOND MILITANTE REBAYA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted February 16, 2010[**]

Before:     FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

In these consolidated appeals, Raymond Militante Rebaya appeals in No. 09-

50007 from the 48-month sentence imposed following his guilty-plea conviction

for transportation of illegal aliens and aiding and abetting, in violation of 8 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

JC/Research

§ 1324(a)(1)(A)(ii), and (v)(II), and in No. 09-50034 from the 18-month consecutive sentence imposed following revocation of supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

In No. 09-50007, Rebaya contends the district court procedurally erred by (1) imposing a sentence without properly explaining and considering all of the 18 U.S.C. § 3553(a) sentencing factors, and (2) failing to justify and explain why an above-guidelines sentence was necessary. The record belies this contention. *See United States v. Carty*, 520 F.3d 984, 991-93 (9th Cir. 2008) (en banc); *see also id.* at 993 (appellate courts are to give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance).

In No. 09-50034, Rebaya contends the district court procedurally erred by failing to provide an explanation for the 18-month sentence imposed following the revocation of his supervised release. This contention fails because an adequate explanation may be inferred from the "record as a whole." *See id.* at 992.

**AFFIRMED.**